## CIRCUIT COURT OF FAIRFAX COUNTY

Shirley Contracting Corp.

v.

Ray D. Pethtel, Commissioner,
and Edward J. Mazur, Comptroller

Case No. (Law) 91308

By JUDGE ROSEMARIE ANNUNZIATA

August 14, 1989

This matter is before the Court on the defendants' demurrer. The demurrer is sustained.

The plaintiff has filed its motion for judgment pursuant to Section 33.1-387 of the Virginia Code to prosecute claims arising out of alleged necessary adjustments to a Virginia state highway construction contract. The defendants assert that Count II of the motion for judgment, setting forth an action in fraud, fails to state facts upon which the relief demanded can be granted.

The defendants argue that because the plaintiff did not first submit the fraud claim to the Commissioner of the Department of Highways and Transportation for review and determination, the plaintiff is now foreclosed by statute from prosecuting a fraud action.

The Code is clear as to the subject matter of a civil action under this statute. It is limited to "such portion of the claim as is denied by the Highway and

Transportation Commissioner . . ." It thus follows that if a party has failed to submit a portion of a claim to the Commissioner, the Commissioner could not have denied the portion of the claim, then the availability of civil relief afforded by the statute as to that portion of the claim has not been triggered.

Further, a complete reading of the statute reveals another compelling reason to disallow a fraud claim. The Section continues, "the contractor may institute a civil action for such sum as he claims to be entitled to *under said contract* . . ." An action in fraud is a claim asserted *outside* the scope of the contract. As the defendants have correctly noted, the Commonwealth has immunity from suit absent its consent through a statutory grant of authority.

For the two above-noted reasons, the plaintiff's claim falls outside the scope of Section 33.1-387. The Commonwealth is immune from the cause of action asserted in Count II of the motion for judgment.

December 18, 1989

It is my opinion that the plaintiff's motion to compel discovery should be granted. Plaintiff seeks discovery of information as set forth in its Interrogatory Numbers 8 and 9. The defendant contends the material is not discoverable under the Rules governing discovery as they constitute work product and that, furthermore, they are protected as part of the settlement negotiations between the parties.

First, it is my view, that the documents were not developed in anticipation of litigation, but in the regular course of the Commonwealth's business which, by statute, encompasses the obligation to reach a decision on contractor claims filed pursuant to Virginia Code § 33.1-386. In addition, it appears that even were these documents to be construed as constituting work product, their confidentiality was waived by disclosure.

The defendant further contends that admissions made, and other material evidence developed, during settlement discussions are not subject to discovery. Absent specific statutory protection for such admissions and materials, there appears to be no such privilege. Furthermore, there is no persuasive evidence that the discussions in question constituted attempts to settle or compromise the claims.